## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**REGINALD A. GREEN,**
    **Plaintiff,**

vs.                                              **Case No.: 5:06cv222/MCR/MD**

**FRANK MCHUGH, et al.,**
    **Defendants.**
_____

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon defendants' motions for summary judgment. (Docs. 47, 73). The *pro se* plaintiff, who is proceeding *in forma pauperis*[1] in this action, has responded in opposition to the motions. (Docs. 57, 75). On February 27, 2008, the court entered an order informing the parties that the motions for summary judgment would be taken under advisement on March 7, 2008. (Doc. 76). The order also advised the parties of the importance and ramifications of Rule 56 summary judgment consideration, and directed the parties to file and serve affidavits and any other documents or materials authorized to be filed under the Federal Rules of Civil Procedure prior to the advisement date. (*Id.*). No additional materials have been filed by the parties. Upon review of the summary judgment record, it is the opinion of the undersigned that defendants' motions for summary judgment should be granted.

---

[1] Court records reflect that as of March 25, 2008 plaintiff has paid $318.00 toward the $350.00 filing fee; therefore, he still owes $32.00 to the court.

## BACKGROUND

Plaintiff was an inmate of the Florida penal system at the time he initiated this action on November 2, 2006.  (Doc. 1, p. 1).  He has since been released.  His complaint concerns the alleged unconstitutional deprivation of adequate medical care while confined at Calhoun Correctional Institution ("Calhoun CI").  (Doc. 17). His second amended complaint names five defendants, all members of the medical staff at Calhoun CI: Nurse Frank McHugh, Doctor Goss, Nurse Kathy Lytle, Nurse Joanna Chamberlain, and Nurse Noel Phillips.

Plaintiff alleges that when he arrived at Calhoun CI he was seen by Nurse McHugh who, without conducting an MRI or other evaluation of plaintiff, denied plaintiff's request for a wheelchair, back brace, neck brace and medical shoes even though plaintiff told McHugh that doctors at Shands Jacksonville[2] had prescribed these items prior to plaintiff's incarceration, and that not receiving them "would pose substantial risk of serious harm of plaintiff [sic] health needs."  Plaintiff also requested that McHugh obtain his medical records from Shands, but McHugh refused.  McHugh did, however, provide plaintiff the pain medication he requested. According to plaintiff, as a result of not having the wheelchair, braces and medical shoes, he suffered severe pain and swelling in his feet for two weeks until he was unable to walk.  At that point, plaintiff was admitted to the Calhoun CI infirmary, where he remained for thirty days.  Plaintiff complains that upon his admission he was seen by Dr. Goss, who exhibited deliberate indifference to plaintiff's serious medical needs when he denied plaintiff's request for an MRI, denied plaintiff's request for the same pain medication he had been prescribed by a doctor at a VA Clinic prior to his incarceration, and denied plaintiff's request for transfer to the Department of Corrections' Regional Medical Center.  Plaintiff asserts that when an MRI was eventually conducted in February of 2007, it revealed damage to discs in his back requiring surgery.  As to the remaining defendants Nurse Lytle, Nurse Chamberlain and Nurse Phillips, plaintiff alleges that while in the Calhoun CI infirmary he told each nurse that he needed his bed rails raised because he was

---

[2]Shands Jacksonville is a hospital in Jacksonville, Florida.

subject to seizures.  According to plaintiff, the nurses ignored this information and, as a result, plaintiff fell out of bed on three occasions during seizures.  Plaintiff claims that the foregoing conduct amounted to cruel and unusual punishment in violation of the Eighth Amendment.  As relief, he seeks monetary damages and "proper physical health care."  (Doc. 17).

Defendants, in their motions for summary judgment, argue that plaintiff failed to properly exhaust his administrative remedies prior to initiating this lawsuit.  They rely on the grievances attached to plaintiff's second amended complaint as well as a grievance appeal response submitted with their motion.  (Docs. 47, 73).  Plaintiff has responded in opposition to defendants' motions by submitting an affidavit in which he sets forth the steps he took to exhaust his administrative remedies. (Docs. 57, 75).

## LEGAL ANALYSIS

### Summary Judgment Standard

In order to prevail on their motions for summary judgment, defendants must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If the defendants successfully negate an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510.  Further, plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or

conclusory allegations is insufficient.  *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)).  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997)("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"), *cert. denied*, 522 U.S. 1126 (1998) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to plaintiff.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999).  A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552.

**Exhaustion of Administrative Remedies**

Title 42 U.S.C. § 1997e provides in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).[3]  Exhaustion of all available administrative remedies is mandatory, and is

---

[3]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits.  *Porter v. Nussle*,  534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)   to avoid premature interruption of the administrative process;
(2)   to let the agency develop the necessary factual background upon which decisions should be based;

a pre-condition to suit.  *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S.Ct. at 1825.  The requirement is not subject to waiver by a court or futility or inadequacy exceptions.  *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).  Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits.  *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").  The exhaustion requirement is not satisfied by the prisoner filing an untimely or otherwise procedurally defective administrative grievance or appeal.  *Id.*, 126 S.Ct. at 2378.

---

| | | |
|---|---|---|
| (3) | | to permit the agency to exercise its discretion or apply its expertise; |
| (4) | | to improve the efficiency of the administrative process; |
| (5) | | to conserve scarce judicial resources; |
| (6) | | to give the agency a chance to discover and correct its own errors; and |
| (7) | | to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." |

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

*Case No: 5:06cv222/MCR/MD*

Generally, the Florida Department of Corrections ("FDOC") provides a three-level administrative grievance procedure for prisoner complaints. This procedure includes an informal grievance, a formal grievance and an appeal to the Office of the Secretary. *See* FLA. ADMIN. CODE rr. 33-103.005 to 103.007 (2003). For medical grievances, however, informal grievances are not required. FLA. ADMIN. CODE r. 33-103.005(1); *see also* FLA. ADMIN. CODE r. 33-103.006(3)(e) and 33-103.006(2)(h).

A grievance may be returned to the inmate without further processing if a condition enumerated in Rule 33.103.014 is found to exist. FLA. ADMIN. CODE r. 33-103.014(1). Of significance here, one of the reasons for returning a grievance without a response on the merits is that the inmate failed to include the required attachments. FLA. ADMIN. CODE r. 33-103.014(1)(g). In submitting a grievance appeal to the Office of the Secretary, the inmate must attach a copy of the formal grievance and response. FLA. ADMIN. CODE r. 33-103.007(3)(a).

**Conclusions of Law Regarding Material Facts**

Plaintiff filed this suit on November 2, 2006. (Doc. 1). In his second amended complaint, he asserts that he exhausted his administrative remedies by filing an informal grievance, a formal grievance and an appeal to the Office of the Secretary. (Doc. 17, p. 3). The evidence in the summary judgment record establishes the following.

On August 7, 2006 plaintiff submitted a formal grievance to the Warden at Calhoun CI alleging the following: that he could not take seizure medication because of his heart trouble; that his wheelchair, walker and cane were taken away from him; that he was denied a back brace, neck brace, wrist brace and a double mattress; and that he would like to be transferred to RMC. (Doc. 17, pp. 14, 19;[4] doc. 47, ex. B). The grievance was denied as follows:

> You arrived at Calhoun C.I. on 8/1/06 and were seen at sick call on 8/2/06 for multiple complaints. Although your problems were not urgent you were admitted to the infirmary for 23-hour observation. Your health record reflects that you were experiencing no acute

---

[4]Plaintiff attached two copies of this institutional grievance to his second amended complaint. (Doc. 17, pp. 14, 19).

*Case No: 5:06cv222/MCR/MD*

> discomfort and rested comfortably without pain medication on a single mattress and single pillow. You were seen that same day by the Nurse Practitioner who prescribed medication and other treatments he judged to be clinically appropriate to your symptoms. You were called out to medical for interview with the nursing supervisor on 8/14/06 who notes that you were in no acute distress. You were referred back to the Nurse Practitioner and were further examined by Mr. McHugh on 8/15/06 at which time he admitted you to the infirmary. Your vital signs do not indicate that you were in acute pain. The passes and special considerations you request are not justified based on the close observation and examinations you have received since arriving at this institution. Remember that inmate health care services are accessed by signing up for sick call; sick call is available Monday through Friday and urgent care is available on-site 24 hours per day. Based on these facts your requests for walker, cane, wheelchair, back brace, neck brace, wrist brace, double mattress, double pillow, special shoes, special hat, medication change, and non-ordered referral to Lake Butler is denied.

(*Id.*).

Also on August 7, 2006 plaintiff submitted a second formal grievance to the Warden of Calhoun CI reiterating his claims raised in the first grievance and adding, "and they refused to give me the right shoes and hat." (Doc. 17, pp. 13 and 18;[5] doc. 47, ex. C). The institution denied plaintiff's grievance, providing him with the same response as the first. (*Id.*).

On September 18, 2006 plaintiff filed an appeal with the Office of the Secretary concerning the denial of his first formal grievance. (Doc. 17, pp. 16 and 17;[6] doc. 47, ex. D). On September 26, 2006 the Office of the Secretary returned the appeal to plaintiff without action as not in compliance with the inmate grievance procedure:

> Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by the rule, or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

---

[5]Plaintiff attached two copies of this institutional grievance to his second amended complaint. (Doc. 17, pp. 13, 18).

[6]Plaintiff attached two copies of this grievance appeal to this second amended complaint. (Doc. 17, pp. 16, 17).

*Case No: 5:06cv222/MCR/MD*

>**Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attached a copy of this response to your re-filed grievance.**
>
>**Based on the foregoing your grievance is returned without action.**

(Doc. 47, ex. E). Defendants have submitted an affidavit of Katherine Shepherd who is employed by the Florida Department of Corrections, Bureau of Inmate Grievance Appeals as a Management Analyst I. Ms. Shepherd states that she has reviewed the available grievance records kept in the Department of Corrections' Central Office, and that plaintiff did not re-file any grievance appeal concerning the denial of his formal grievance. (Doc. 47, ex. F).

In plaintiff's response to the motions for summary judgment, he states that he was transferred to Gulf Correctional Institution on September 15, 2006; that he received the Secretary's response to his grievance appeal on September 28, 2006; that on October 3, 2006 he "responded back to Tallahassee by Legal Mail from Gulf C.I. but I don't know what happened to the mail once I gave it to the Gulf C.I. mail officials;" and that "after that all my Legal Mail was taken by Gulf C.I. officers and destroyed by Officer Dean and Officer Liten." (Docs. 57, 75). Plaintiff further asserts "No one told you about Inmates Grievance at the time your committed to DOC nor did they give you any training or classes on a Grievance Process for said matter in said case. As well as plaintiff do not have exhaust Administrative Remedies." (*Id.*) (grammatical and spelling errors in original).

Plaintiff's response does not raise a genuine issue of fact concerning whether he timely re-submitted his grievance appeal in compliance with the inmate grievance procedure. Although plaintiff states he "responded back to Tallahassee," he does not assert that his "response" included the re-submission of his grievance appeal. Moreover, although plaintiff asserts that officers subsequently confiscated and destroyed all of his legal mail, he does not assert that the destroyed mail included an attempted re-submission of his grievance appeal.

*Case No: 5:06cv222/MCR/MD*

## CONCLUSION

Upon full consideration of the evidence within this record, the undersigned concludes that plaintiff failed to properly exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. Therefore, this cause should be dismissed without prejudice.

Accordingly it is respectfully RECOMMENDED:

1. That defendants' motions for summary judgment (docs. 47, 73) be GRANTED.

2. That plaintiff's motions to deny summary judgment (docs. 57, 75) be DENIED.

3. That this cause be DISMISSED WITHOUT PREJUDICE.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of March, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).